### H. C. BURT & CO. v. FRENCH INDE-PENDENT SCHOOL DIST.

#### No. 2939.

Court of Civil Appeals of Texas. Beaumont.

Dec. 3, 1936.

Rehearing Denied Dec. 16, 1936.

Chas. H. Taylor, of Houston, for appellant.

Gilbert T. Adams, of Beaumont, for appellee.

COMBS, Justice.

This is an appeal from an order of the district court of Jefferson County overruling the appellant's plea of privilege to be sued in Harris County, Tex., the county of its domicile.

The case may be briefly stated as follows: Harry V. Lawther, Inc., an Illinois corporation, filed suit in Jefferson County against the county of Jefferson and the French Independent School District of said county, to recover the amount alleged to be due on a school district bond in the face amount of $1,000, and interest payments which had accrued but were unpaid. Jefferson County answered by general demurrer, general denial, and a special answer, alleging that the obligation, if any, was the obligation of the French Independent School District. The school district answered the plaintiff's suit by general demurrer, general denial, and a plea that it had paid to H. C. Burt & Co of Houston, Tex., the amount of $900 to retire said bond in connection with a refunding operation in which the said H. C. Burt & Co. had acted as its fiscal agent in the refunding of a number of its bonds, and that the plaintiff had acquired said bond after it was due and was not an innocent purchaser of said bond. The school district further vouched in H. C. Burt & Co., alleging in some detail the refunding transactions in which it contended that the said H. C. Burt & Co. had been paid the amount for which said bond, along with the others, was to be purchased. It was in response to the citation served upon it that H. C. Burt & Co. filed its plea of privilege.

The evidence adduced upon the hearing details at some length the rather complicated transactions surrounding the refunding operations. We deem it unnecessary to detail the matter at any length. It seems that the contract entered into by the French Independent School District, by virtue of which the refunding operations were carried out, was executed by one F.

J. Core, and it is the contention of H. C. Burt & Co. that the said F. J. Core acted individually and not as its agent. We think the evidence is ample to show that Mr. Core acted as the agent of H. C. Burt & Co. That H. C. Burt & Co. did act in assembling the bonds to be refunded in accordance with the contract is not disputed. We think it was clearly shown by other testimony, and by letters written by H. C. Burt & Co. to Mr. Dean, superintendent of the school district and recording secretary of its board, that said company handled the transactions, and that said contract was, in fact, its contract. Under the appellee's theory of the case, as made by its pleadings and prima facie by its proof, H. C. Burt & Co. was obligated to retire the bond sued on and was a necessary party to the suit. And, since the original suit is maintainable in Jefferson County, the trial court correctly overruled the plea of privilege of H. C. Burt & Co.

The judgment of the trial court is affirmed.